UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **KENNY SAVOIE** | **CASE NO. 6:21-CV-01910** |
| **VERSUS** | **JUDGE JUNEAU** |
| **EMPIRE PETROLEUM CORP ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## MEMORANDUM RULING

Before the Court are the following:

- Motion to Dismiss for Lack of Jurisdiction by Defendant, Thomas Pritchard. (Rec. Doc. 22). Plaintiff opposed (Rec. Doc. 39), and Pritchard replied (Rec. Doc. 45).

- Motion to Dismiss for Lack of Jurisdiction by Defendant, Pritchard Energy Advisors, LLC ("PGA")[1]. (Rec. Doc. 24). Plaintiff opposed (Rec. Doc. 30), PGA replied (Rec. Doc. 33), and the Court allowed Plaintiff to file a Sur-Reply (Rec. Doc. 37).

- Motion to Dismiss for Failure to State a Claim by Defendant, Thomas Pritchard (Rec. Doc. 21). Plaintiff opposed (Rec. Doc. 38), and Pritchard replied (Rec. Doc. 43).

---

[1] The parties refer to Pritchard Energy Advisors, LLC as "doing business as Pritchard Griffin Advisors," hence abbreviated as "PGA."

The Motions were referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the following reasons, the Court dismisses Pritchard and PGA's jurisdictional motions without prejudice pending jurisdictional discovery. The Court further dismisses Pritchard's Rule 12(b)(6) motion to dismiss without prejudice until the Court determines whether jurisdiction exists.

**Factual Background**

Plaintiff filed this suit for breach of contract and unpaid wages against Empire, PGA, and Pritchard (PGA's Chief Executive Officer, member, and co-founder) in July 2021. (Rec. Doc. 1). Plaintiff contends Defendants failed to pay him commissions and wages as required by their contractual agreements regarding Plaintiff's work to secure upstream oil and gas opportunities for Empire. (Rec. Doc. 1).

Both Pritchard and PGA seek to dismiss Plaintiff's claims for lack of personal jurisdiction, because neither party had sufficient contacts with Louisiana to be subject to this Court's jurisdiction. PGA is a Texas limited liability company domiciled in Texas with its principal place of business in Virginia. (Rec. Doc. 24-3). Pritchard is alleged to be a citizen of Virginia. (Rec. Doc. 1, ¶4. See also Rec. Doc. 24-3, ¶7). In addition, Pritchard seeks to dismiss Plaintiff's claims against him

pursuant to F.R.C.P. Rule 12(b)(6) on the grounds that Pritchard was not a party to the relevant contracts and that Plaintiff failed to allege facts sufficient to pierce PGA's corporate veil.

## Law and Analysis

### I. Law applicable to jurisdiction.

The Court must first address Pritchard and PGA's jurisdictional challenge. The Fifth Circuit summarized the applicable law under F.R.C.P. Rule 12(b)(1) as follows:

> When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits. This requirement prevents a court without jurisdiction from prematurely dismissing a case with prejudice. The court's dismissal of a plaintiff's case because the plaintiff lacks subject matter jurisdiction is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction. In examining a Rule 12(b)(1) motion, the district court is empowered to consider matters of fact which may be in dispute. Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief.
>
> *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (internal citations omitted).

"Personal jurisdiction is an essential element of the jurisdiction of a district court, without which it is powerless to proceed to an adjudication." *Guidry v. U.S. Tobacco Co.*, 188 F.3d 619, 623, n. 2 (5th Cir.1999). When, as in this case, a nonresident defendant challenges personal jurisdiction, the plaintiff, as the party

3

seeking to invoke the power of the court, bears the burden of proving that jurisdiction exists. *Luv N'care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006), citing *Wyatt v. Kaplan*, 686 F.2d 276, 280 (5th Cir.1982); *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir.1985). Because Pritchard and PGA's motions will be decided without an evidentiary hearing, Plaintiff is required to present facts sufficient to constitute a *prima facie* case of personal jurisdiction to satisfy his burden. *Central Freight Lines Inc. v. APA Transport Corp.*, 322 F.3d 376, 380 (5th Cir.2003); *Alpine View Co. v. Atlas Copco A.B.*, 205 F.3d 208, 214 (5th Cir.2000). A *prima facie* showing of personal jurisdiction may be established by the pleadings, depositions, affidavits, or exhibits of record. *Guidry*, 188 F.3d at 625. The court must accept as true the party's uncontroverted allegations and resolve any factual conflicts in favor of the plaintiff. *Central Freight*, 322 F.3d at 376; *Alpine View*, 205 F.3d at 214; *Stripling v. Jordan Production Co.*, 234 F.3d 863 (5th Cir.2000). The court is not required to credit conclusory allegations, even if left uncontroverted. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868-69 (5th Cir. 2001). See also *Kelly v. Syria Shell Petroleum Dev. B.V.,* 213 F.3d 841, 854 (5th Cir. 2000) ("Although Appellants bear the burden of proof, it is *not* necessary for them to 'establish personal jurisdiction by a preponderance of the evidence; *prima facie* evidence of personal jurisdiction is sufficient. We accept their uncontroverted

4

allegations and resolve in [their] favor all conflicts between the facts contained in the parties' affidavits and other documentation.") (cleaned up).

In determining whether personal jurisdiction is proper, a district court sitting in diversity, as in this case, applies the law of the forum state in which it sits. Fed. R. Civ. P. 4(e). The Louisiana Long-Arm Statute provides that this Court may exercise personal jurisdiction over any nonresident so long as the basis for such jurisdiction is consistent with the United States Constitution. Fed. R. Civ. P. 4(e). Consequently, the limits of the Louisiana Long-Arm statue are coextensive with the limits of constitutional due process. *Alonso v. Line*, 02-2644 (La. 05/20/03), 846 So.2d 745, *cert. denied*, 540 U.S. 967 (2003); *Petroleum Helicopters, Inc. v. Avco Corp.*, 513 So.2d 1188, 1192 (La. 1987). This Court need only determine whether subjecting PGA and Pritchard to suit in Louisiana would be consistent with the Due Process Clause of the Fourteenth Amendment. See, e.g., *Walk Haydel & Associates, Inc. v. Coastal Power Production Co.*, 517 F.3d 235, 242-43 (5th Cir. 2008).

The exercise of personal jurisdiction over a nonresident defendant satisfies due process when: (1) the defendant has purposefully availed itself of the benefits and protections of the forum state by establishing minimum contacts with that state, and (2) the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice. *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir.1999). In other words, due process is satisfied when the defendant's connection with Louisiana

is such that the defendant should reasonably anticipate being haled into court in Louisiana. *Id*.

Minimum contacts may give rise to either specific jurisdiction or general jurisdiction. Specific jurisdiction applies when a nonresident defendant has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities. *Walk Haydel*, 517 F.3d at 243. General jurisdiction exists if the defendant has engaged in continuous and systematic activities in the forum state. *Id*. The minimum contacts inquiry is broader and more demanding when general jurisdiction is alleged, requiring a showing of substantial activities in the forum state. *Jones v. Petty-Ray Geophysical Geosource, Inc.*, 954 F.2d 1061, 1068 (5th Cir. 1992). Therefore,

> [w]here a defendant has continuous and systematic general business contacts with the forum state, the court may exercise general jurisdiction over any action brought against the defendant. Where contacts are less pervasive, the court may still exercise specific jurisdiction in a suit arising out of or related to the defendant's contacts with the forum.

*Luv N'care*, 438 F.3d at 469.

The inquiry used to determine whether general jurisdiction exists is "dispute blind, the sole focus being on whether there are continuous and systematic contacts between the defendant and the forum." *Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 339 (5th Cir. 1999).

The inquiry used to determine whether specific jurisdiction exists has three steps. First, it must be determined whether the defendant has minimum contacts with the forum state or, in other words, whether the defendant has purposefully directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there. *Nuivo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 378 (5th Cir.2002). Random, fortuitous, or attenuated contacts are insufficient. *Moncrief Oil Int'l v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir.2007). Second, it must be determined whether the plaintiff's cause of action arises out of or results from the defendant's contacts with the forum. *Nuivo Pignone*, 310 F.3d at 378. Finally, if the plaintiff satisfies the first two prongs, the burden shifts to the defendant to defeat jurisdiction by showing that the forum state's exercise of jurisdiction would be unfair or unreasonable. *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir.2006).

**II.     Whether Pritchard and PGA are subject to personal jurisdiction.**

To determine whether this Court has personal jurisdiction over Pritchard and PGA, the Court must first evaluate these Defendants' contacts with the State of Louisiana. If they have sufficient contacts to satisfy specific or general jurisdiction, then the second part of the analysis requires an evaluation of the fairness of exercising jurisdiction over them.

Plaintiff alleged Pritchard is a resident of Virginia. (Rec. Doc. 1, ¶4). Although not expressly stated in the pleadings, Pritchard indicates he is a non-resident. He attested that he is one of two owners of PGA (a Texas limited liability company with its principal place of business in Virginia) and that the only owners or employees of PGA are located in Virginia. (Rec. Doc. 24-3, ¶3, 6, and 7).

Pritchard's affidavit attests that PGA is a Texas limited liability company with its principal place of business in Virginia and additional offices in Texas and Georgia. Pritchard attested that PGA has never owned or used any property in Louisiana or employed anyone in Louisiana other than Savoie. (Rec. Doc. 24-3). In response, Plaintiff submitted a counter affidavit in which he attests that PGA leased the Lafayette office Plaintiff maintained. (Rec. Doc. 30-1, ¶6). In support of his position, Plaintiff submitted a May 5, 2018 lease agreement between Heymann Real Estate (property manager of the leased premises) and PGA, which "acknowledge[s], that effective June 1, 2018, Pritchard Griffin Advisors will be assuming responsibility for the lease at 1030 E. St. Mary Blvd." (Rec. Doc. 37-1).

Plaintiff further identified numerous specific occasions in which Pritchard travelled to Louisiana on behalf of PGA to conduct business. (Rec. Doc. 30-1, ¶7 and 8). In response, PGA argues that Empire—not PGA—rented the Lafayette office and that Pritchard traveled to Louisiana to conduct business for Empire—not PGA.

The parties further disagree about which party first initiated contact with the other leading to the contractual arrangement.

The evidence submitted presents a blurry picture of who did what, where and on behalf of whom. The issue is complicated by the fact that Pritchard was intimately connected to both PGA and Empire. The Court is unable to discern from the evidence which hat Pritchard was wearing during which Louisiana activities (i.e. whether Pritchard was acting individually and/or on behalf of PGA or Empire). Thus, the Court cannot definitively conclude whether jurisdiction exists.

The Court may grant the parties the opportunity for discovery before ruling on a jurisdictional motion. See *Kelly v. Syria Shell Petroleum Dev. B.V.,* 213 F.3d 841, 855 (5th Cir. 2000). Indeed, the parties both seem amenable to jurisdictional discovery. (See Rec. Doc. 31-2, p. 3 and Rec. Doc. 37, p. 3). The Court finds that limited discovery is warranted to establish jurisdiction. Thus, the Court shall dismiss the pending motions without prejudice to the parties' rights to re-urge the motions after conducting jurisdictional discovery.

THUS DONE in Chambers, Lafayette, Louisiana on this 13th day of December, 2021

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE